UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kenneth Bailey, Sr.,

      Petitioner,

      v.                                              Civil Action No. 1:10-CV-213

State of Vermont,

      Respondent.

## AMENDED REPORT AND RECOMMENDATION[1]
### (Doc. 1)

Petitioner Kenneth Bailey Sr., a Vermont inmate proceeding *pro se*, has filed a

petition under 28 U.S.C. § 2254 for a writ of habeas corpus.  In 2004, Bailey entered guilty

pleas in state court on charges of sexual assault and domestic assault.  He now contends that

the sentence he received was illegal under Vermont law, and that the Vermont Department of

Corrections ("DOC") has refused to honor the terms of the plea agreement.  He also claims

that when he moved for post-conviction relief in state court, his arguments were

misconstrued.  Accordingly, his habeas corpus petition seeks relief on the basis of an

allegedly illegal sentence, and an alleged deprivation of his right to due process in the state

courts.

---

[1] The initial Report and Recommendation in this case recommended ruling on two filings (Docs. 6 and 10) that were originally docketed as cross-motions for summary judgment.  However, in an Order dated December 8, 2010, the Court construed Respondent's motion for summary judgment as a response to Bailey's habeas corpus petition, and Bailey's motion for summary judgment as a reply.  (Doc. 11.) Consistent with that Order, this Amended Report and Recommendation has withdrawn any reference to motions for summary judgment.

For the reasons set forth below, I recommend that Bailey's petition for writ of habeas corpus (Doc. 1) be DENIED, and that this case be DISMISSED.

## Factual Background

On May 27, 2004, Bailey pleaded guilty to charges of sexual and domestic assault. In accordance with the terms of his plea agreement, he was sentenced to three to eighteen years in prison, all suspended except three to six years. On September 27, 2005, he filed a petition for Post-Conviction Relief ("PCR") in state court, claiming that the DOC was forcing him to serve the full six years of his three to six year sentence.[2] Specifically, Bailey claimed that after he entered prison, he was informed that the DOC, acting pursuant to 28 V.S.A. § 811(h), viewed his minimum sentence as six years. Section 811 of Title 28 pertained to the reduction of prison time for good behavior. At the time of Bailey's initial incarceration, Section 811(h) read as follows:

> Where the sentence is the unsuspended portion of a sentence imposed under subsection 205(a) of this title, it shall be treated as the minimum term of the entire sentence for purposes of this section.

28 V.S.A. § 811(h).[3]

A merits hearing on the PCR petition was ultimately held before Judge Ben Joseph of the Franklin County Superior Court. At the hearing, Bailey argued as follows:

MR. BAILEY:  Under the Provisions of 811H of the Vermont Statutes - -

THE COURT:  Uh-huh.

---

[2] The state court record in this case was too voluminous to be scanned into the docket. (*See* Entry for Doc. 13 ("Remainder of Record too voluminous to scan and is available in the Clerk's Office for viewing.")). Accordingly, several documents are referenced without a corresponding docket citation.

[3] This subsection is no longer part of the statute. *See* 28 V.S.A. § 811. Respondent has provided the Court with a copy of § 811(h) as it existed at the time of Bailey's incarceration.

> MR. BAILEY:  - - legislature authorizes any sentence or portion of a sentence be suspended with a fixed number of days, months or years to be served.  The legislature did not authorize a sentence be suspended except for range of days, months or years (inaudible) both a maximum and a minimum, which we have here.
>
> In other words, there is no three years on here.  It's a six years.  Under 811H, the unsuspended portion becomes your - - minimum sentence to serve.

(Doc. 20 at 18.)  The State argued in response that Mr. Bailey's sentence, including the three year minimum, was legal and effective under Vermont law.

> MS. WHEELER:  Yes, Your Honor.  First of all that it is a legal sentence under Title 13, 7031.[4]  The court did establish a minimum.  The court established a maximum.
>
> THE COURT:  Uh-huh.
>
> MS. WHEELER: And in that looked towards a sentence that would give him a minimum of three years, a maximum of six to serve with an eighteen year on top of that.  So it was three-to-eighteen, all suspended but three-to-six, the idea that he could do some programming, come down on a furlough status, and out.

(*Id.* at 20.)  The State also reported that Bailey had "picked up a homicide charge which he would not be released under any terms until that matter is resolved."  (*Id.*)

In an Entry Order dated October 31, 2007, Judge Joseph denied Bailey's petition, concluding that "[t]he petitioner's argument ignores the fact that § 811 had no effect on his eligibility for release on parole during his split sentence to serve of 3 to 6 years.  By its terms, § 811(h) only . . . deals with the computation of good time credits, not eligibility for parole."  (Doc. 13 at 3.)

---

[4] Title 13, Section 7031 provides, in relevant part, that "the court imposing sentence shall . . . establish a maximum and may establish a minimum term for which such respondent may be held in imprisonment. . . .  If the court suspends a portion of said sentence, the unsuspended portion of such sentence shall be the minimum term of sentence solely for the purpose of any reductions of term for good behavior as provided for in section 811 of Title 28."  13 V.S.A. § 7031(a).

Bailey appealed Judge Joseph's ruling to the Vermont Supreme Court. In his appellate brief, submitted *pro se*, Bailey asserted that he had presented three claims in the lower court, and that Judge Joseph did not directly address any of the three. (*See* Brief of Appellant, filed Feb. 17, 2010). He argued that his first claim had been a jurisdictional challenge: that the trial court, instead of imposing a sentence range, should have instead sentenced him to "a single, fixed number of days, months or years . . . ." (*Id.* at 7.) He also allegedly asserted that his plea agreement was void: "By completely eliminating the 3-6 year unsuspended sentence Appellant had agreed to and replacing it with a flat 6 year sentence to serve, Appellant was denied the ability to see specific performance of the terms of his plea." (*Id.* at 14.) Third, Bailey had allegedly urged Judge Joseph to find that trial counsel had been ineffective for failing to warn of the implications of § 811(h). (*Id.* at 16.) Bailey also objected to Judge Joseph's reference to parole eligibility, asserting the judge had raised that issue *sua sponte*. (*See* "Arguments," dated June 16, 2010.)

The Vermont Supreme Court affirmed Judge Joseph's ruling.[5] The court first noted Bailey's claim that "the trial court did not address all of the issues he raised," and found that notwithstanding this assertion, the arguments before Judge Joseph "all rested on the threshold question of the statute's proper meaning, which was addressed by the court. Having resolved this question in the State's favor, the court was not obligated to further analyze petitioner's claims." *In re Kenneth Bailey, Sr.*, No. 2007-454, slip op. at 1-2 (Vt.

---

[5] Allison Fulcher, Esq. was appointed to represent Bailey in the appeal. Attorney Fulcher subsequently moved to withdraw, explaining that two attorneys had reviewed the appeal and found it to be without merit. (*See* Motion filed with the Vermont Supreme Court on September 9, 2008). Litigation ensued on the question of whether a withdrawing attorney should be required to file an *Anders* affidavit. *In re Bailey*, 187 Vt. 176, 992 A.2d 276 (2009). In a 3-2 decision, the court held that such an affidavit was not required. *Id.*

July Term 2010).  Turning to the meaning of § 811(h), the Vermont Supreme Court
"agree[d] with the trial court that 28 V.S.A. § 811(h) by its plain language pertains solely to
petitioner's minimum term for purposes of calculating good-time credit and does not affect
petitioner's eligibility for parole. " *Id.* at 2-3.  The court thus concluded that "§ 811(h) did
not impermissibly  alter petitioner's minimum sentence," and that there was therefore "no
merit to [Bailey's] argument that the superior court lacked jurisdiction to impose the
sentence that it did, nor is there any merit to petitioner's arguments that his plea agreement is
invalid and that his counsel rendered ineffective assistance." *Id.* at 3.

Bailey moved the Vermont Supreme Court for re-argument, arguing again that the
issue of his eligibility for parole was improperly raised by Judge Joseph: "The actual
transcript of that hearing ***categorically***, ***indisputably***, and ***undeniably*** reflects that when the
issue was raised by Judge Joseph, Appellant had repeatedly eschewed any such claim."
(Motion for Reargument, filed July 30, 2010) (emphases in original).  He also criticized the
court for relying "upon such a blatant and obvious obfuscation of this ***indisputable*** and
***undeniable*** fact in its analysis of Appellant's actual claims. . . ." *Id.*  The motion for re-
argument was denied on August 19, 2010.

Bailey filed his § 2254 petition on September 8, 2010.  He asserts that, like Judge
Joseph, the Vermont Supreme Court misconstrued his arguments.  He also claims that, in
failing to address his actual claims, the state courts violated his constitutional right to due
process.  He maintains that his sentence of three to six years to serve was illegal under
Vermont law, that counsel was ineffective for failure to alert him to the implications of §
811(h), and that his plea is unenforceable.

Respondent submits that Bailey's depiction of his sentence is incorrect, and that the three to six year sentence "would allow the petitioner . . . after serving three years [to be] furloughed into the community on conditional re-entry status for three more years . . . and after satisfactorily completing the to-serve portion of the split sentence he would be on probation . . . ." (Doc. 12 at 1.)  Respondent also reports that Bailey violated his probation "and the Court imposed the three to eighteen year sentence to be served." (*Id.*)

### Discussion

The primary question in this case revolves around the interpretation of a state statute. Specifically, the issue is whether Section 811(h) effectively eradicated Bailey's three year minimum, and transformed his sentence into a minimum of six years.  The state court resolved this question in the negative, and found that as a result, all related claims, including Bailey's claim of ineffective assistance of counsel, were without merit.

Under 28 U.S.C. § 2254(a), federal habeas review is available for a state prisoner only on the ground that he is in custody in violation of the Constitution, laws or treaties of the United States.  Errors of state law are generally not cognizable on federal habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001).  Here, the state courts have construed § 811(h), and this Court has no jurisdiction to review their conclusions.

In addition to challenging the legality of his sentence under state law, Bailey claims that the state court denied him his right to due process.  "As no constitutional provision requires a state to grant post-conviction review, *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), most federal courts have rejected due process claims arising out of the conduct of

state post-conviction proceedings, holding that such claims are not cognizable on habeas review." *Cruz v. Smith*, 2010 WL 582348, at *29 (S.D.N.Y. Feb. 17, 2010) (citing *Jones v. Duncan*, 162 F. Supp. 2d 204, 217-19 (S.D.N.Y. 2001) ("While the Second Circuit has not directly addressed this issue, district court decisions within the Circuit (several of which have been affirmed by the Second Circuit) have followed the majority rule.") (parenthetical in original). The *Cruz* and *Jones* decision pertained to a procedural due process issue (failure to provide an evidentiary hearing), and may thus be distinguishable, since the question presented here is whether the state courts gave sufficient attention to Bailey's substantive claims. In any event, the Vermont Supreme Court did not ignore Bailey's arguments. Indeed, the court acknowledged his claims, and expressly determined they were foreclosed by its interpretation of § 811(h). That ruling was based upon state law, and thus cannot be reviewed under 28 U.S.C. § 2254. *Estelle*, 502 U.S. at 67-68.

To be specific, Bailey's claim that the sentencing court had no jurisdiction to set minimum and maximum sentences has been ruled by the state courts to be without merit under state law. Similarly, his claim that the plea agreement is unenforceable due to an allegedly-illegal sentence has been rejected on state law grounds. Finally, Bailey's claim of ineffective assistance of counsel, which by nature is a claim of constitutional magnitude, has essentially been denied on the merits. The well-established standard for an ineffective assistance claim, under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), requires a showing of professionally unreasonable performance and prejudice resulting from that performance. *See Ramchair v. Conway*, 601 F.3d 66, 73 (2d Cir. 2009). Given the Vermont courts' interpretation of § 811(h), it cannot now be argued that counsel misunderstood the impact of the statute on Bailey's plea agreement, or that the outcome of Bailey's prosecution

was prejudiced by counsel's performance.  Accordingly, this Court should find that the

Vermont Supreme Court's rejection of Bailey's ineffective assistance claim was not

"contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Bailey's

petition for writ of habeas corpus should therefore be DENIED.

### <u>Conclusion</u>

For the reasons set forth above, I recommend that Bailey's petition for writ of habeas

corpus (Doc. 1) be DENIED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 28th day of July, 2011.


<u>/s/ John M. Conroy</u>
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service
thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all
parties, written objections which shall specifically identify those portions of the Report and
Recommendation to which objection is made and the basis for such objections.  *See* 28
U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file
such objections operates as a waiver of the right to appellate review of the District Court's
adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of
Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).